```
UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| NFN INFINITY, | ) 1:12-cv—00873-SKO-HC |
| | ) |
| Petitioner, | ) ORDER DISMISSING PETITION WITH |
| | ) LEAVE TO FILE EITHER A FIRST |
| | ) AMENDED PETITION OR A CIVIL |
| v. | ) RIGHTS COMPLAINT NO LATER THAN |
| | ) THIRTY (30) DAYS AFTER SERVICE OF |
| E. G. BROWN, JR., Governor, | ) THIS ORDER |
| | ) |
| Respondent. | ) ORDER DIRECTING THE CLERK TO SEND |
| | ) PETITIONER A HABEAS PETITION FORM |
| | ) AND A CIVIL RIGHTS COMPLAINT FORM |

ORDER REQUIRING PETITIONER TO FILE A PETITION OR, ALTERNATIVELY, A COMPLAINT WITHIN THIRTY (30) DAYS

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a civil action of an uncertain type. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 303. Pending before the Court is a document filed by Petitioner on May 29, 2012, which was docketed as a petition for writ of habeas corpus.

I. <u>Screening the Petition</u>

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make

a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

II. Petitioner's Allegations

Petitioner, an inmate of Pleasant Valley State Prison, labels his document as a civil rights complaint for a declaratory

2

judgment pursuant to 28 U.S.C. § 2201.  Petitioner names as the Respondent Governor E. G. Brown, Jr.  (Doc. 1, 1l.)  Petitioner does not set forth any facts concerning his own commitment offense or the sentence pursuant to which he presumably is incarcerated.  He instead refers to the civil rights of "all California prisoners" who agreed to a plea bargain while in custody, indigent, in an informal setting involving a psychologically-induced atmosphere of duress, and with the representation of a public defender who was working with the prosecutor without the supervision of a judge. (Id. at 2.)

Petitioner alleges that the consequences of such a plea agreement, namely, a sentence of twenty-five years to life in prison imposed pursuant to California's Three Strikes Law in a later prosecution for a different offense, are not stated in the agreement itself.  Defendants are threatened with the prospect of longer incarceration if they do not enter guilty pleas; no reasonable person would accept a plea bargain if it were known that in a later, separate proceeding, the conviction could be counted as a "strike" warranting a sentence of twenty-five years to life in prison.  Petitioner alleges that this violates the First, Sixth, Eighth, and Fourteenth Amendments; further, appointed defense counsel is ineffective in such circumstances, which excuses any procedural default.

In light of new rulings of the United States Supreme Court that establish that defendants have a right to an attorney during plea negotiations, Petitioner seeks a declaration that pleas cannot be counted as "strikes" under the First, Sixth, Eight, and Fourteenth Amendments if they were taken pursuant to plea

3

bargains without the defendant's being informed of the possibility that the conviction might be considered as a prior conviction warranting a sentence of twenty-five years to life. (<u>Id.</u> at 1-8.)

### III. <u>Dismissal with Leave to File an Amended Petition or Complaint</u>

In light of the requirements for a petition for writ of habeas corpus, it is not clear that Petitioner is challenging the legality or duration of his confinement.

A federal court may only grant a state prisoner's petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement.  <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991) (quoting <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Habeas Rule 1, 1976 Adoption. Further, a petition for writ of habeas corpus brought on behalf of one in custody under a state court judgment shall allege the name of the person who has custody over the applicant as respondent.  28 U.S.C. § 2242; Habeas Rule 2(a).  A failure to name the proper respondent destroys personal jurisdiction. <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994).  The warden of the penitentiary where a prisoner is confined constitutes the custodian who must be named in the petition, and the petition must be filed in the district of confinement.  <u>Johnson v. Reilly</u>, 349 F.3d 1149, 1153 (9th Cir.

4

2003).

Statutory provisions permit the filing of a habeas petition challenging a conviction in the district of confinement or the district of conviction. 28 U.S.C. § 2241(d). Such a petition should generally be decided by the district in which the conviction was sustained. Laue v. Nelson, 279 F.Supp. 265, 266 (C.D.Cal. 1968). However, when the petition is directed to the manner in which a sentence is being executed, such as a claim concerning parole or time credits, the district of confinement is the preferable forum. Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989).

A petitioner who is in state custody and wishes to challenge collaterally his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir. 1988). A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).

Finally, a habeas corpus petitioner generally cannot raise claims involving the rights of other persons. A litigant cannot

5

1 maintain a federal action to redress a constitutional wrong to
2 others or to assert the rights of third parties. Singleton v.
3 Wulff, 428 U.S. 106, 114-15 (1976); Houston v. Roe, 177 F.3d 901,
4 906-07 (9th Cir. 1999) (holding that a petitioner pursuant to 28
5 U.S.C. § 2254 sentenced to life without the possibility of parole
6 lacked standing to challenge the constitutionality of the death
7 penalty).  This is because the jurisdiction of the Court is
8 limited to cases and controversies.  U.S. Const. art III, § 1.
9 For this Court to have subject matter jurisdiction, a petitioner
10 must have standing to sue when the action is filed, which
11 generally requires the litigant to show that he or she personally
12 has suffered an actual or prospective injury as a result of the
13 putatively illegal conduct; 2) the injury can be fairly traced to
14 the challenged conduct; and 3) the injury is likely to be
15 redressed through court action.  Lujan v. Defenders of Wildlife,
16 504 U.S. 555, 569 n.4, 560-562 (1992); Valley Forge Christian
17 College v. Americans United for Separation of Church and State,
18 Inc., 454 U.S. 464, 472 (1982).
19      Title 28 U.S.C. § 2242 provides that an application for a
20 writ of habeas corpus shall be in writing, and signed and
21 verified by the person for whose relief it is intended or by
22 someone acting in his behalf.  Someone undertaking to apply for
23 habeas relief on behalf of another is referred to as a "next
24 friend."  The next friend does not himself become a party to the
25 habeas action, but rather pursues the case on behalf of the
26 detained person, who remains the real party in interest.
27 Whitmore v. Arkansas, 495 U.S. 149, 163 (1990).
28      Whether or not a person has standing to act as a next friend

6

is a jurisdictional issue. <u>Dennis ex rel Butko v. Budge</u>, 378 F.3d 880, 888 n.5 (9th Cir. 2004), <u>cert</u>. <u>den</u>. 543 U.S. 959 (2004). The requirements for standing as a next friend are 1) the next friend must provide an adequate explanation, such as inaccessibility, mental incompetence, or other disability, why the real party in interest cannot appear on his own behalf to prosecute the action; and 2) the next friend must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and the next friend must have some significant relationship with the real party in interest. <u>Whitmore v. Arkansas</u>, 495 U.S. at 163-64; <u>Dennis</u>, 378 F.3d at 888. It is the burden of the person seeking to proceed as a next friend to establish that he meets the requirements and to demonstrate the jurisdiction of the Court. <u>Id.</u> at 164. The generalized interest of all citizens in constitutional governance is an inadequate basis on which to confer next friend standing. <u>Whitmore v. Arkansas</u>, 495 U.S. at 160.

In contrast to a habeas corpus action, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. <u>McCarthy v. Bronson</u>, 500 U.S. 136, 141-42 (1991); <u>Preiser</u>, 411 U.S. at 499; <u>Badea</u>, 931 F.2d at 574; Advisory Committee Notes to Habeas Rule 1.

Here, it is not clear that Petitioner intends to challenge the legality or duration of his <u>own</u> confinement. Petitioner did not provide any information concerning his conviction and sentence or the circumstances of any previous guilty pleas, plea bargaining, or decisions not to enter pleas on the part of

Petitioner. Instead, Petitioner raises the rights of third parties. Thus, the basis of any claim concerning a conviction that Petitioner has suffered is not clear.

Further, there is no basis for a determination of the proper venue, or situs, of Petitioner's action. Petitioner neither named his custodian as a respondent, nor alleged that he has exhausted state court remedies as to any claim. The relief Petitioner requested was not release or shortening of his own sentence. It was instead a declaration of rights belonging not only to him, but to all prisoners who entered into plea bargains which resulted in convictions that could be considered "strikes" or prior convictions warranting an enhanced punishment of twenty-five years to life. Thus, if Petitioner intended to challenge the legality or duration of his own conviction or sentence, Petitioner has failed to provide adequate information to permit the Court to screen the pleading and proceed with the action.

It is possible that Petitioner intended to file a civil rights action pursuant to 42 U.S.C. § 1983 and not a habeas corpus action. In that regard, Petitioner has not indicated that his own civil rights have been violated or how he has been affected by the conduct referred to in the document. Petitioner has named the governor as a respondent but has not alleged how the named respondent has participated in any conduct that is the basis of Petitioner's claim.

Whether considered a habeas petition or a civil rights complaint, the document filed by Petitioner is incomplete and uncertain. Because of the uncertainty of the petition or complaint, the Court cannot proceed to screen the document.

Petitioner's petition will be dismissed without leave to amend, and the Clerk will be directed to send Petitioner a blank habeas corpus petition form and a blank civil rights complaint form. Petitioner will be given an opportunity to either file a first amended petition or first amended complaint that cures the deficiencies noted above so that the Court may proceed with the screening process.

Accordingly, it is HEREBY ORDERED that:

1. The petition is DISMISSED with leave to file an amended pleading no later than thirty (30) days after the date of service of this order; and

2. The Clerk's Office shall SEND Petitioner a form habeas petition for a state prisoner and a civil rights complaint form for an incarcerated person; and

3. No later than thirty (30) days after the date of service of this order, Petitioner shall FILE either a habeas corpus petition, or a complaint; and

4. Petitioner is INFORMED that the failure to comply with this order will result in dismissal of this action, without prejudice.

IT IS SO ORDERED.

**Dated:   June 26, 2012**            /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE