UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NFN INFINITY,<br><br>        Petitioner,<br><br>   v.<br><br>E. G. BROWN, JR., Governor,<br><br>        Respondent. | 1:12-cv–00873-LJO-SKO-HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THE PETITION FOR FAILURE TO PROSECUTE AND FOLLOW A COURT ORDER (Docs. 1, 3)<br><br>FINDINGS AND RECOMMENDATIONS TO DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY AND TO DIRECT THE CLERK TO CLOSE THE CASE |

**OBJECTIONS DEADLINE:**
**THIRTY (30) DAYS**

    Petitioner is a state prisoner proceeding pro se with a civil action of an uncertain type. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304.

    I.   Background

    Pending before the Court is a document filed by Petitioner on May 29, 2012, which was docketed as a petition for writ of habeas corpus. On June 26, 2012, the Court dismissed the petition with leave to file either an amended petition or a civil rights complaint within thirty (30) days. The order was served

1

on Petitioner on the same date.  Although over thirty days have passed, Petitioner has not filed either an amended petition or a complaint.[1]

II.  Failure to Prosecute and Follow an Order of the Court

Local Rule 110 provides that "...failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions... within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate... dismissal of a case."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

---

[1] On June 26, 2012, Petitioner filed a document entitled "Supplemental Act," which Petitioner certified that he mailed on June 21, 2012.  (Doc. 4, 6.)  Thus, the document is not responsive to the Court's order, which was mailed to Petitioner on the same date that Petitioner mailed his supplement to the Court.  The supplement addresses Petitioner's position on general principles of interpretation of plea agreements.

2

1  In determining whether to dismiss an action for lack of
2 prosecution, failure to obey a court order, or failure to comply
3 with local rules, the court must consider several factors: (1)
4 the public's interest in expeditious resolution of litigation;
5 (2) the court's need to manage its docket; (3) the risk of
6 prejudice to the defendants; (4) the public policy favoring
7 disposition of cases on their merits; and (5) the availability of
8 less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson,
9 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at
10 1260-61; Ghazali, 46 F.3d at 53.
11  In this case, the Court finds that the public's interest in
12 expeditiously resolving this litigation and the Court's interest
13 in managing the docket weigh in favor of dismissal, as the case
14 has been pending since May 2012.  The third factor, risk of
15 prejudice to respondents, also weighs in favor of dismissal,
16 since a presumption of injury arises from the occurrence of
17 unreasonable delay in prosecuting an action.  Anderson v. Air
18 West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor --
19 public policy favoring disposition of cases on their merits -- is
20 greatly outweighed by the factors in favor of dismissal discussed
21 herein.  Finally, a court's warning to a party that his failure
22 to obey the court's order will result in dismissal satisfies the
23 "consideration of alternatives" requirement.  Ferdik v. Bonzelet,
24 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at
25 1424.  The Court's order directing Petitioner to file an
26 amendment expressly informed Petitioner that a failure to comply
27 with the order would result in dismissal of the action without
28 prejudice.  (Doc. 3, 9.)  Thus, Petitioner received adequate

3

warning that dismissal would result from his noncompliance with the Court's order.

### III. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not

4

necessary for an applicant to show that the appeal will succeed. <u>Miller-El v. Cockrell</u>, 537 U.S. at 338.

    A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

    Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right.

    Accordingly, it will be recommended that the Court decline to issue a certificate of appealability.

    IV. <u>Recommendations</u>

    Accordingly, it is RECOMMENDED that:

    1) The petition be DISMISSED without prejudice pursuant to Local Rule 110 for Petitioner's failure to comply with the Court's order and to prosecute this action; and

    2) The Court DECLINE to issue a certificate of appealability; and

    3) The Clerk be DIRECTED to close the action.

    These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served

and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   September 8, 2012**               /s/ Sheila K. Oberto
                                          UNITED STATES MAGISTRATE JUDGE